IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA WILKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant.<br>_____/ | Case No.  1:07-cv-01124 OWW TAG<br><br>ORDER DISCHARGING ORDER<br>TO SHOW CAUSE<br>(Doc. 15)<br><br>ORDER AMENDING SCHEDULING<br>ORDER<br>(Doc. 7) |

      On March 28, 2008, this Court issued an order directing Plaintiff Lisa Wilkins's attorney ("Plaintiff") to show cause as to why sanctions should not be imposed for Plaintiff's failure to timely file an opening brief in this action. (Doc. 15).  On April 16, 2008, Plaintiff responded that Defendant Michael Astrue ("Defendant") had not served her with a copy of the administrative record and, therefore, the period within which she had to file the opening brief had yet to commence.  (Doc. 16). Defendant filed a letter on May 12, 2008, informing the Court that Defendant's records reflect that a copy of the administrative record was sent to Plaintiff's counsel on November 26, 2007, and that a second copy of the administrative record was sent to Plaintiff's counsel on April 17, 2008.  (Doc. 17, <u>see</u> Doc. 13).

      The United States District Court for the Eastern District of California is an electronic filing court.  An attorney representing a party before the Court is required to be registered with the Court's CM/ECF system.  When so registered, the attorney can electronically file documents and will receive notice of actions taken in his cases by other parties.  An attorney's obligation includes the duty to

periodically check the electronic docket to ensure that all appropriate filings are made and properly received and to respond as appropriate to matters that are docketed in his cases.

The Court's CM/ECF system reflects that Plaintiff's attorney is registered, and files and receives electronic filings in the Court. The electronic docket in this case reflects that on November 26, 2007, Defendant filed a notice of lodging of the administrative record, together with a certificate of service by mail on Plaintiff's attorney. (Doc. 13). The electronic docket also indicates that Plaintiff's counsel and one other person at his firm were electronically served with the notice of lodging of the administrative record on November 26, 2007. (Id.) Presumably Plaintiff's attorney received, at a minimum, notice that the administrative record was lodged. If Plaintiff's attorney did not receive the administrative record, it was incumbent upon him to contact Defendant forthwith and notify him of that fact, and take all steps necessary to obtain a copy of the administrative record. Here, it appears that no such steps were taken until after the Court issued its order to show cause on March 28, 2008.

## **ORDERS**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Court's order to show cause why sanctions should not be imposed for failure to file an opening brief (Doc. 15) is DISCHARGED; and

2. The scheduling order (Doc. 7) is modified as follows:

   A. Plaintiff is ORDERED to file her opening brief within twenty (20) days of the date of this order – on or before June 9, 2008.

   B. Paragraphs 3, 4, 5, and 12 of the scheduling order are deleted from the scheduling order, and paragraphs 6, 8, and 14 therein are revised to read as follows:

   > "6. No later than June 9, 2008, appellant shall file and serve an opening brief with the court and on respondent.
   > . . .
   > 8. Appellant's reply brief shall be filed with the court and served on respondent within eleven (11) days after service of respondent's brief."
   > . . .
   > 14. Requests to modify this order must be made by written motion and will be granted only for good cause. No extensions of time to file the opening, responsive, or reply briefs will be granted."

///

  C. Except as modified herein, all other terms of the scheduling order remain in full force and effect.

IT IS SO ORDERED.

Dated: **May 19, 2008**          **/s/ Theresa A. Goldner**
                    UNITED STATES MAGISTRATE JUDGE